IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **ZANE SWEETIN** and | )( | Civil Action No.: 3:19-cv-233 |
| **MICHAEL STEFEK,** | )( | (Jury Trial) |
| | )( | |
| *Plaintiffs,* | )( | |
| | )( | |
| **V.** | )( | |
| | )( | |
| **THE CITY OF TEXAS CITY, TEXAS** and | )( | |
| **WENDELL WYLIE,** *Individually,* | )( | |
| | )( | |
| *Defendants.* | )( | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE GEORGE C. HANKS:**

**NOW COMES PLAINTIFF ZANE SWEETIN AND MICHAEL STEFEK** and files this Original Complaint against defendants the City of Texas City, Texas and Wendell Wylie, individually, and for cause of action would respectfully show unto the Court and jury the following:

### I.   INTRODUCTION

1.   This case involves a Texas City administrator (not a licensed peace officer), Defendant Wendell Wylie, who in retaliation against ambulance service company Windsor EMS, Inc., illegally detained Zane Sweetin and Michael Stefak, Windsor EMS employees, while Zane and Stefek were transporting a patient in medical need to a healthcare facility in a Windsor ambulance by blocking their exit with Wylie's Texas City issued SUV while wearing a Texas City uniform and then threatening the arrest of Zane and Stefek if they left the area. Wendell Wylie is a Texas City policymaker when it comes to EMS service

1

permitting and the detention was in retaliation for Windsor EMS not retaining Wendell for pay.

## II.   PARTIES

2. Zane Sweetin is an individual and resident of Harris County, Texas.

3. Michael Stefek is an individual and a resident of Galveston County, Texas.

4. Defendant, the City of Texas City is a Texas home rule municipal corporation and may be served with process by serving the City Secretary, James Hathorn at 1801 9th Ave. N. Texas City, Texas 77590.

5. Defendant, Captain Wendell Wylie is the EMS administrator for Texas City. At all times material herein, Wylie acted pursuant to his authority as Texas City EMS Administrator and is responsible for carrying out the decisions, policies, and ordinances made by City Commissioners. In the alternative Wendell was acting outside his governmental authority. This Defendant may be served with process at 1801 9th Avenue North, Texas City, Texas 77592 or wherever he is found.

## III.   JURISDICTION AND VENUE

6. This court has federal question jurisdiction under 28 U.S.C. § 1331. This court has original jurisdiction under 28 U.S.C. §1343(a)(3) because certain causes of action herein are brought under 42 U.S.C. §1983 to redress the deprivation, under color of State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

7. This Court is entitled to exercise supplemental jurisdiction over state law

claims herein pursuant to the provisions of 28 U.S.C. §1367 (a) because all such claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Venue is appropriate in this Court, as the individual defendant resides in this judicial district, and the events giving rise to the claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## IV. FACTUAL BACKGROUND

8. In 2015, the City appointed Wendell Wylie ("Wylie") as its EMS Administrator who was in charge of who could and who could not operate an ambulance service in Texas City. Windsor EMS was a Texas City permitted ambulance service. Wylie is not a licensed peace officer or security guard.

9. Within months of his appointment, Wylie approached Lynn Ryan owner of Windsor EMS, Inc. for a paid position at Windsor. Though licensed as a paramedic, Wylie specifically requested an unspecified part time position that was "not on an ambulance." Concerned about an apparent conflict of interest arising out of Wylie's regulatory position, Lynn declined Wylie's proposition. In October of 2016, Wylie again contacted Windsor EMS seeking employment in which Wylie was declined for employment. Just two and a half months later, revoked Windsor EMS's permit to operate inside the City limits.

10. Plaintiff Zane Sweetin worked for Windsor EMS for several years including 2017. Zane was Emergency Medical Technician-B. Plaintiff Michael Stefek worked for Windsor for many years.

11. In early 2017 Windsor EMS's permit to operate in Texas City was

improperly revoked by Wendell Wylie which is the subject matter of a lawsuit in this same court. See *Lynn, et al. v. City of Texas City, Texas;* **Civil Action No.: 3:19-cv-44.**

12. Following Windsor EMS's improper permit revocation by Wendell Wylie Windsor EMS ceased operations in Texas City and vacated its store front inside City limits. Then, on July 14, 2017, Windsor EMS received a direct call from Seabreeze Nursing and Rehabilitation, a senior care center in Texas City, requesting patient transport to a dialysis center in LaMarque, Texas. Two Windsor EMS operators, Michael Stefek and Zane Sweetin, responded to the private call. While transferring the patient from a stretcher into the ambulance, Plaintiffs' employees were confronted by Wylie, who positioned his Texas City Fire Department SUV to block the ambulance from exiting the parking lot.

13. As Stefek and Sweetin boarded the ambulance, Wylie approached the driver's side window and began shouting at Stefek, who was driving the ambulance. Stefek rolled his window down and Wylie demanded to know the name of the patient and their destination. Reluctant to violate his patient's privacy, Stefek initially refused; Wylie threatened to arrest Stefek and Sweetin, in the presence of their patient who needed dialysis, and impound the ambulance unless Stefek identified the patient and their destination. Stefek told Wylie they were taking the patient to a dialysis appointment at a facility in La Marque, Texas. Stefek and Sweetin were detainerd at this location by Wylie for 10-20 minutes. Wylie eventually allowed Stefek and Sweetin to deliver the patient by moving his SUV and following the ambulance to La Marque.

14. Once Stefek and Sweetin completed the patient transfer, they were again accosted by Wylie in the dialysis center parking lot. Wylie told the Stefek and Sweetin they

4

were being detained and were not allowed to leave the scene until the fire marshal arrived. When Sweetin protested, Wylie yelled at him to "Shut the fuck up," and wait in the ambulance until a representation of the Texas City Fire Marshal's office came. Stefek called Lynn from the scene, distraught over being detained and concerned about the potential blot on his otherwise immaculate professional record. After approximately 15-20 minutes, Texas City Fire Marshal Dennis Harris arrived at the dialysis center and issued Stefek and Sweetin a citation for operating an ambulance without a permit and they were finally allowed to leave the scene.

15. Stefek was not required to pay anything nor perform any act or obligation and his case was dismissed in his favor. Stefek and Sweetin suffered at least anxiety, fear and apprehension.

## V. CAUSES OF ACTION

### COUNT ONE: VIOLATION OF 4TH AND 14TH AMENDMENT

16. Plaintiffs incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

17. Count One is asserted against Defendant Texas City and Defendant Wylie, individually.

18. Under the Fourth and Fourteenth Amendments, Plaintiffs are guaranteed the right to be free from unreasonable search and seizure. The defendants violated Plaintiffs' rights while acting under color of state and local laws, ordinances and regulations. At all relevant times the defendants acted in the performance of their official duties in furtherance of the City's policies. Defendant Wylie was the policymaker for the City of Texas City,

5

Texas in the area of ambulance service permitting. Wylie was a licensed peace officer.

## COUNT TWO: FALSE IMPRISONMENT

19. The elements of a false imprisonment claim are 1) willful detention; 2) without consent; and 3) without authority of law. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002); *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985).

20. Wylie was not a peace officer nor was there any other reason to legally detain the plaintiffs.

## VI.   ATTORNEY'S FEES

21. Plaintiffs requests attorney's pursuant to 42 U.S.C. Section 1983.

## VII.   JURY TRIAL

22. Plaintiffs request trial by jury on all issues triable to a jury.

## VIII.   PRAYER

23. Plaintiffs asks that the Defendants be cited to appear and answer and that, following trial, have judgment entered against it for the following:

a. actual damages;

b. all available special and consequential damages;

c. declaratory relief;

d. pre-judgment and post-judgment interest;

e. permanent injunctive relief;

f. attorneys' fees and costs;

g. punitive damages; and

h. all other relief to which Plaintiffs are entitled.

          Respectfully Submitted,

          /s/ *Randall L. Kallinen*
          Randall L. Kallinen
          Kallinen Law P
          State Bar of Texas No. 00790995
          Southern District of Texas Bar No.: 19417
          511 Broadway Street
          Houston, Texas 77012
          Telephone:   713.320.3785
          FAX:             713.893.6737
          Email:           AttorneyKallinen@aol.com
          Attorney for Plaintiffs