Case 3:19-cv-00233   Document 25   Filed on 10/19/20 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 19, 2020
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

No. 3:19-cv-233

Zane Sweetin and Michael Stefek, *Plaintiffs*,

v.

City of Texas City and Wendell Wylie, *Defendants*.

## MEMORANDUM OPINION AND ORDER

Jeffrey Vincent Brown, United States District Judge.

Zane Sweetin and Michael Stefek work for a private ambulance service.[1] They allege that while transporting a patient in Texas City, Wendell Wylie, the city's EMS administrator, illegally detained them.[2] They have sued the defendants, Texas City and Wylie, asserting claims under 42 U.S.C. section 1983 and for false imprisonment.[3]

The defendants move under Rule 12(b)(6) to dismiss the false-imprisonment claim.[4] Because Texas has not waived governmental immunity for that intentional tort, the city is immune from it.[5] As for Wylie, the defendants argue

---

[1] Dkt. 1 at 1.
[2] *Id.* at 1-2.
[3] *Id.* at 2-3, 5-6.
[4] Dkt. 16.
[5] *Id.* at 3; *see also* Tex. Civ. Prac. & Rem. Code § 101.057(2); *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009); *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001).

1

the claim against him fails under the Texas Tort Claims Act's election-of-remedies mandate.[6] Under that provision, a plaintiff must elect to sue either a governmental unit or an employee of that unit.[7] When a plaintiff sues a governmental unit, it "constitutes an irrevocable election," barring suit against or recovery from "any individual employee of the governmental unit regarding the same subject matter."[8] Moreover, when a plaintiff fails to elect and sues both the unit and an employee, the employee must be dismissed from the action "immediately" upon the unit's motion.[9]

The city and Wylie maintain that by naming both defendants in the original complaint, the plaintiffs effectively elected to proceed against only the city for false imprisonment.[10] In response, the plaintiffs contend they intended to assert the false-imprisonment claim against only Wylie, not the city,[11] a fact they made clear in their first amended complaint: "Plaintiffs sue only Wendell Wylie for false imprisonment and not The City of Texas City, Texas."[12] They also lean heavily on the standard of review:[13] courts should liberally construe the complaint in favor of the plaintiff, taking as true all the pleaded facts.[14]

---

[6] Dkt. 16 at 4; *see also* Tex. Civ. Prac. & Rem. Code § 101.106(a).
[7] *See* Tex. Civ. Prac. & Rem. Code § 101.106; *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 462 (5th Cir. 2010).
[8] Tex. Civ. Prac. & Rem. Code § 101.106(a).
[9] *Id.* at § 101.106(e); *see also Thomas v. Texas*, 294 F. Supp. 3d 576, 591-92 (N.D. Tex. 2018).
[10] Dkt. 16 at 4.
[11] Dkt. 18 at 1-2.
[12] Dkt. 15 ¶ 20.
[13] Dkt. 18 at 3.
[14] *See Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt

The original complaint is just seven pages long; names just two defendants, the city and Wylie; and pleads just two counts—one under section 1983 for constitutional offenses and one for false imprisonment, a state-law intentional tort. Even construing liberally in favor of the plaintiffs, the complaint reads just one way: it's a lawsuit with two claims, each made against both defendants.

Two sentences compose the entirety of the plaintiffs' false-imprisonment claim in their original complaint.[15] The first merely lists the elements of the cause of action: "(1) willful detention; (2) without consent; and (3) without authority of law."[16] The second avers that "Wylie was not a peace officer nor was there any other reason to legally detain the plaintiffs."[17] The plaintiffs argue this second sentence signals they are suing only Wylie for this tort.[18] But it looks more like factual backup for the claim's third element—"without authority of law." The sentence does not express that the claim is asserted only against Wylie and not the city.

Moreover, throughout the complaint, the plaintiffs stress that Wylie was acting on behalf of the city.[19] Paragraph 5 is the most explicit:

> Defendant, Captain Wendell Wylie is the EMS administrator for Texas City. At all times material herein, Wylie acted pursuant to his authority as Texas City EMS Administrator and is responsible for carrying out the decisions, policies, and ordinances made by City

---

resolved in his behalf, the complaint states any valid claim for relief." *Shipp v. McMahon*, 234 F.3d 907, 911 (5th Cir. 2000).

[15] Dkt. 1 ¶¶ 19-20.
[16] *Id.* at ¶ 19 (first citing *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002); and then citing *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985)).
[17] *Id.* at ¶ 20. Interestingly, this statement comes just sentences after this sentence: "Wylie was a licensed peace officer." *Id.* at ¶ 18.
[18] Dkt. 18 at 2.
[19] *Id.* at ¶¶ 1, 5, 8, 18.

> Commissioners. In the alternative[,] Wendell was acting outside his governmental authority.[20]

As the defendants note in their reply brief, when plaintiffs assert claims against governmental employees for "conduct occurring during the course of their official responsibilities," courts assume those claims are against the employees in their official capacity.[21] And the Fifth Circuit has held, "We treat suits against municipal officials in their official capacities as suits against the municipality itself."[22]

The defendants also note,[23] correctly, that the plaintiffs cannot undo their election of remedies by amending their pleadings.[24] Once the election is made in the original complaint, it is irrevocable.[25]

The plaintiffs' final argument is that the Tort Claims Act's election-of-remedies provision in general, and its irrevocability in particular, simply cannot apply in federal court.[26] For one thing, they insist, "[t]he Supremacy Clause dictates that state law bow to federal law."[27] But the plaintiffs are forgetting the Eleventh Amendment. The Supreme Court has plainly, and for over a century, held that the Eleventh Amendment stands for this presupposition: "first, that each State is a sovereign entity in our federal system; and second, that '[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its

---

[20] *Id.* at ¶ 5.
[21] Dkt. 19 at 3 (quoting *Quinn v. Guerrero*, 863 F.3d 353, 361 n.2 (5th Cir. 2017)).
[22] *Jones v. City of Houston*, 756 F. App'x 341, 346 n.2 (5th Cir. 2018).
[23] Dkt. 19 at 2.
[24] *See Alcala v. Tex. Webb Cnty.*, 620 F. Supp. 2d 795, 808 (S.D. Tex. 2009).
[25] *Id.*
[26] Dkt. 18 at 5-6.
[27] *Id.* at 5.

4

consent.'"[28] From that presupposition, the Court has long maintained "that federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'"[29]

So how do we know whether Texas has consented to be sued? Like the other States, "Texas is inviolably sovereign."[30] Nevertheless, in 1969, its Legislature enacted the Tort Claims Act to consent to be sued, but "only in certain circumstances."[31] As the Texas Supreme Court has held, "The Act did not abolish sovereign immunity, and we must look to the terms of the Act to determine the scope of its waiver."[32] And because of the Eleventh Amendment, that's as true for federal courts as it is for state courts. The Fifth Circuit has readily and frequently adhered to the boundaries of Texas's sovereign immunity as laid out in its Tort Claims Act.[33] The idea that the Supremacy Clause forecloses federal courts' recognition of the Act is unfounded.

Beyond the Supremacy Clause, the plaintiffs also argue that the election-of-remedies provision is merely procedural, "certainly not substantive," and so should be "disregarded in the federal courts."[34] A similar argument, under *Erie R. Co. v.*

---

[28] *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (alteration in original) (quoting *Hans v. Louisiana*, 134 U.S. 1, 13 (1890) (quoting THE FEDERALIST NO. 81, at 487 (Alexander Hamilton) (Clinton Rossiter ed., 1961))).
[29] *Id.* at 54 (quoting *Hans*, 134 U.S. at 15).
[30] *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 429 (Tex. 2016).
[31] *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994) (citing Tort Claims Act, 61st Leg., R.S., ch. 292, 1969 Tex. Gen. Laws 874, 874).
[32] *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996).
[33] *See, e.g., Wilkerson v. Univ. of N. Tex.*, 878 F.3d 147, 158-62 (5th Cir. 2017); *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 462–64 (5th Cir. 2010); *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009).
[34] Dkt. 18 at 5.

5

*Tompkins*,[35] was addressed in *Alcala*.[36] In that case, the court determined that the election-of-remedies provision amounts to a substantive policy advancing the purposes of governmental immunity, not merely a procedural rule, and so it neither runs afoul of *Erie* nor conflicts with the Federal Rules of Civil Procedure.[37] Moreover, the court also held federal law would not countenance allowing the plaintiffs to circumvent the election-of-remedies mandate. "Put simply," the court stated,

> Defendants have a statutory right to obtain immediate dismissal upon the filing of a motion by the [government unit], and allowing Plaintiffs to amend their pleading in contravention of the election[-]of[-]remedies provision of Section 101.106(e) would result in undue prejudice to Defendants and severely undermine the State's substantive policy.[38]

This court adopts *Alcala*'s reasoning in its entirety.

\* \* \*

The court grants the defendants' partial motion to dismiss. The plaintiffs' false-imprisonment claim is dismissed. The only claim remaining in this case is the plaintiff's section-1983 claim.

Signed on Galveston Island this 19th day of October, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

[35] 304 U.S. 64 (1938).
[36] *Alcala v. Tex. Webb Cnty.*, 620 F. Supp. 2d 795, 805–09 (S.D. Tex. 2009).
[37] *See id.* at 806-07.
[38] *Id.* at 808.